Good morning, Your Honors. May it please the Court, Amber Whipler, Deputy Attorney General and counsel for appellant. I'd like to reserve three minutes for rebuttal. Thank you. Counsel, I mentioned to you that the next two cases, which in some are similar in many respects, that at least as to the cases that are AEDPA cases, we probably will have to hold them until Hayward becomes final, until a mandate is issued in Hayward, which questions the sum evidence rule under AEDPA. I think two out of the three cases are AEDPA cases. Yes. The question before this Court is not whether Mr. Brown is suitable for parole, but whether the state court decisions upholding the governor's parole reversal were contrary to or an unreasonable application of clearly established federal law. The answer to that question is no. The district court based its entire decision on state appellate law and circuit court dicta, which this court has held on multiple occasions, is non-dispositive under AEDPA. In Ms. Lawden, as well as more recently in Van Patten and Landrigan, the Supreme Court has made it clear that clearly established federal law refers only to the holdings of the highest court on the specific issue. I think probably there's no reason to argue that part at length. The Harper or Hayward is going to dispose of that one way or the other. I think there's still a petition for rehearing, rehearing, and banking in that case. If the decision stands, it answers that question, doesn't it? If the decision stands, then before this Court is bound by its own decision, it's bound by AEDPA and the holdings of the United States Supreme Court. If that decision says that the sum evidence rule is applicable under AEDPA, you think we should each week, when we get another case, relitigate that question? I mean, we have at least two cases here which do it. Should we relitigate it in each of those two cases? It's certainly the first of these cases that were argued on the same day. Do we then have to reconsider it and come to a different decision in the next case? A different decision need not be reached if the Court follows AEDPA and bases its decision solely. Let's assume Hayward stands and says that the sum evidence rule is clearly established. Yes. Then are we supposed to disregard Hayward the next time we have the identical issue? If Hayward holds that the sum evidence standard is clearly established Federal law, then yes, because the United States Supreme Court has never made such a holding. Okay. So then we'll relitigate it in this case, and then you have another case. So then do we relitigate it in that one also? We will continue to make the argument that under AEDPA You continue to make the argument, but the question is what you think a court should do. Should it keep answering that same question as if we didn't hadn't decided it the day before? The Court is obliged, again, to base its decision Okay. If you answer yes or no. I'm sorry. Could you repeat the question? Yes. The question is if Hayward stands and says that under AEDPA, same sum evidence test is clearly established and applies here, should we then in the next case, the next day, answer the same question again and consider it as if Hayward didn't exist? The Court has the option of doing so for a number of reasons. If we want to rebound our own circuit law, says a panel cannot reject the binding precedent of another panel, that has to go through an embank process. So you're fighting an uphill battle here. Well, but before the Court is You're an uphill losing. Before the Court is bound, though, by its own precedent, it's bound by the Supreme Court's interpretation of AEDPA. You're arguing something that none of us believe is right. I think you ought to get off it and say, yes, of course you're bound, and go on to something else. Understood. So if we do assume that the sum evidence standard is clearly established Federal law, then the district court nonetheless erred because it did not apply the sum evidence standard as stated in Superintendent v. Hill. The sum evidence standard is an extremely minimal standard that requires only a modicum of evidence and explicitly forbids the reviewing court from reweighing the evidence. Now, in this case, the district court not only reweighed the evidence, but engaged in a comparative analysis of Mr. Brown's crime, which is something that the California Supreme Court explicitly forbade under Rosencrantz. The district court had no disagreement with the facts of the case. The only thing the district court disagreed with was the weight that the governor attributed to those facts. What is the sum evidence supposed to be sum evidence of what? Under the Hill standard, the sum evidence standard is sum evidence, a modicum of evidence, to support the decision of the original decision maker. Decision of what? What is the operative issue that the sum evidence is supporting? The issue What does the parole board or the governor have to support? What is the evidence supposed to support? The evidence is whether the state, excuse me. The issue is whether some evidence supports the governor's finding that the crime was particularly egregious, because under California's parole statutes, a particularly egregious crime is sufficient for a parole denial. And that's supposed to establish, what is the particularly egregious establish? Under California's laws, under penal code section 3401, as well as California Code of Regulations, Title 15-2402, that establishes that an inmate is an unreasonable risk of danger to society. So that's the ultimate question, isn't it? Whether the evidence shows whether or not this person,  That is the ultimate question for the governor or the board, but not the reviewing courts. The reviewing courts, if But there has to be some evidence of that, isn't it? Isn't that the test? No, because under California's laws, a particularly egregious crime equates to an unreasonable risk of danger to society. Egregious, you mean compared to the general crimes in that category? Particularly egregious is determined based on a set of characteristics in section 2402, which involves the number of victims, whether or not the crime was dispassionate, whether or not the crime involved a great deal of violence. So there are statutory factors in section 2402 that determine whether a crime is sufficiently egregious to warrant a parole denial. And if it's second degree, it's particularly egregious, but not egregious enough for first degree? I'm sorry, I don't understand the question. The question is, you can't have first degree or second. When a crime is classified as second degree, does that mean it's a particularly egregious murder? A second degree murder is particularly egregious if it meets the characteristics that are mentioned in section 2402. So in this particular case, we have aggravating factors which include the robbery of the victim, as well as some aspects of premeditation, which under the regulations are sufficient to render even a second degree murder particularly egregious and thus sufficient for a parole denial. Now the parole board in this case did what? The parole board found Mr. Brown suitable for parole, and the governor invoked his state constitutional authority to reverse that grant. The governor disagreed with the board's characterization of the crime, and noted several aggravating factors, including the robbery and the luring of the victim into the vehicle in order to commit the murder. Now, you're saying that you don't have to meet the standard of being dangerous to society. The question of whether the inmate is dangerous to society is the question that's left up to the governor, whether when reviewing- There has to be some evidence of that, doesn't there? When reviewing the decision, if the courts, allowing the courts to determine whether or not some evidence, whether or not there's some evidence that the inmate presents a danger, it essentially gives the court the opportunity to conduct an independent hearing, its own determination of whether- No, it doesn't do that at all. It doesn't ask the court to make the judgment. It only asks the court to state if, on the record, there is some evidence of that. Not that the governor's decision is right or wrong, if there is some evidence of it. But it says you can't make that decision without any evidence of it. The governor made his decision, again, based on the regulations under California law. The court may only inquire as to whether or not there is some evidence to support those regulations. Because if there is some evidence that the murder is particularly egregious, under California law, in turn, an inmate is unsuitable for parole. Because he is, per se, a danger to the community. Under California's regulations, yes. So that's been in effect, as I understand it then, in the case of Mr. Brown. The circumstances of his crime will never change. Therefore, he is not he's essentially in for the rest of his life. Not necessarily. He will have another- He will never change. I mean, if what is, if in fact it's per se, if it is a particularly egregious crime, we now have that determination by the governor, then that isn't going to change. I mean, those circumstances are there for the rest of Mr. Brown's natural life. So, therefore, what would happen to make him suddenly suitable for parole? Whether he's suitable for parole is at the discretion of the governor. And after an- The governor could then decide, notwithstanding that he committed a particularly egregious crime and is unsuitable today, next year, based on some epiphany of the governor, he could, or just because he feels good that day, he could switch it and say, I now find him suitable. Without any of the evidence changing, just that what was good enough to keep him in this year is at the governor's discretion, not good enough or not necessary to his determination. It has nothing to do with any change in the circumstance that caused him to keep him in for whatever period of time in his decision that we're reviewing today. The governor has the option of, it can certainly- The answer to that, yes. That is the logical conclusion that you seem to be inviting us. That Mr. Brown will never be found suitable for parole? That the governor doesn't have to make any different factual determination as to the reality of whether or not Mr. Brown presents a danger to the community. His reality, as you say, is he applies the factors to the nature of a crime committed, I don't know how many years ago, 20 some odd years ago, and says he meets those criteria. That's an objective determination. There's some modicum of evidence to support that. Okay, now the governor, next year, decides with no change in circumstances, nothing has changed. Everything that Mr. Brown has been doing in prison, which may be exemplary, keeps on happening. So he's gone another year, and nothing has changed, and the governor takes the same, and the parole board next time up says, let's say it's three years. The parole board says, once again, we think that Mr. Brown's suitable for parole. Now the governor looks at it, nothing's changed, and he says, yes, he is. That is the governor's discretion. The governor can determine from, and he has that authority under the state constitution, to look at the factors of a crime and determine whether at this particular moment, after this many number of years, or after an inmate has done any particular activities in prison, that is the governor's discretion to determine at the particular time whether an inmate would pose an unreasonable risk of danger to society. If I- Even though it's still a particularly egregious crime. I'm sorry? Even though it is still a particularly egregious crime. That is the governor's discretion. And it's self-rendered him ineligible. Under state law, yes, that is the governor's discretion. If I may, I'd like to reserve the remainder of my time for rebuttal, unless there are any other questions. Thank you. Good morning, Monica Knotts for Mr. Brown. The discussion that has been occurring for the last ten minutes between the court and the attorney general is a very good illustration of just how incredibly arbitrary this procedure has become in California. Under the California constitutional provision that allows the governor to review a parole decision by the parole board, the governor is required to submit a report every year to the legislature called the Executive Report on Parole Decisions. It's a public record. It's provided every year to the legislature. What it shows is that the governor does exactly what Judge Fisher has been talking about in asking Respondent's Counsel whether that is lawful. What it shows is that the governor looks at cases, and in every single case he reverses, he describes the crime in some form of aggravating way, and relies on that, and frequently only that, to reverse the decision. But then, what it shows is after having done that one, two, three, sometimes four times in a particular case, the next jury gets that same case, and he lets it stand. It is a good illustration of how incredibly arbitrary it is and why the court's review for evidence is so important and so necessary. And it's, of course, exactly what the United States Supreme Court has, and this court, has repeatedly said due process is about. Well, let me ask this question. If the governor feels, on the first time it comes up, that this was a particularly egregious crime, are you saying that there's no evidence in this report that the governor is also looking at the factors that the Pearl Board looked at in terms of behavior in prison and the time aging out from the, you know, of the, both the inmate and the, since the crime was committed? And that after maybe three or four denials, the governor couldn't rationally say, all right, it was a particularly egregious crime, but now I have come to the conclusion, exercising my executive authority and judgment, that he has now demonstrated enough on the other side of the equation to say he should be out. And that that doesn't necessarily impeach the validity of the first decision. In some circumstances, I would agree. That is, that the ultimate issue here is whether the, the ultimate issue is, and I don't agree with the Attorney General at all, because the ultimate issue for this court to look at to see if there is sufficient evidence is, is there sufficient evidence that his release would risk public safety at that time? Well, how are we going to make that judgment? What, what is the role of an appellate court to be in deciding on a case-by-case basis whether or not someone, if released on parole, which the governor or the parole board, as may be in, in the Pirtle case, has concluded in their judgment presents a risk. And when we look to the nature of the crime, unless you're saying the nature of the crime isn't relevant, what are we supposed to do? How do we decide at this level whether or not somebody's a risk? Well, I, it's not for the court to decide independently whether Mr. Hayward is a risk, his release would be a risk to public safety. It is the role of this court to look at the evidence, all the evidence, that is before the board and the governor, and to determine whether reliable evidence supports the decision. It's not to second guess the governor, it's to look at the evidence. Well, in this case, wasn't there evidence that he was, that the victim was lured into the car? They were driving around, there was, you know, argument as to who owed who money and what was going on, but the upshot was that the, you know, dispute over this poker debt and payment, that the victim was shot to death. So what are we, how are we supposed to- Well- Decide that that doesn't, that the governor's wrong in saying, this person, you know, if I let him out, there's some risk to the public that he could go off the rails again. Okay, first of all, and I will get to, but it's not what the governor said, and it's not what the facts show, but more important than that right now, in answer to the court's question, is that there is, the statute in California connects the gravity of the offense to timing. And says that parole should normally be granted at the first hearing, which is at ten years for a second degree murder, should normally be granted at that point unless the board and the governor's bound by the same statute as the California Supreme Court has held. So unless the board or the governor finds that the gravity and timing of the offense indicate that a longer period of custody is necessary in order to protect public safety. Certainly, the more serious an offense is, the more aggravated an offense is, it is reasonable that a longer period of time would be necessary to show that the person is, in fact, rehabilitated. And theoretically, a crime could be so serious, and a prisoner could do nothing to change, or there'd be no evidence of any change, that even at 30 years, it would be enough, because there'd be nothing else. And this is, the Attorney General is flat out wrong when she says if the regulation on aggravated murder is met, that that necessarily means that he is unsuitable for parole. That's absolutely not what the California Supreme Court says, and it's absolutely not what the regulations say. What the regulations say is here are some factors to consider that would suggest unsuitability, and here are some factors to consider that would suggest suitability. Now, on the issue of the offense, because this ends up being the most important, because it is what the governor relies on every single time. What the regulations say is that an offense that is especially heinous may suggest unsuitability. Doesn't say by itself it's enough, but it may. In identifying what it means to say that an offense is especially heinous, it lists five factors. It was carried out in a manner which demonstrates exceptionally callous disregard for human suffering. Multiple victims were attacked or killed. It was carried out in a dispassionate and calculated manner such as execution-style killing. The victim was abused, defiled, or mutilated. Or the motive was inexplicable or very trivial in relation to the offense. Now, what the California Supreme Court has said about that and what it is, what especially aggravated or especially heinous means, is that what we're talking about is the violence or viciousness of the crime is extreme. The violence or viciousness, not that you can say, well, it was in the course of some other, like a robbery, like the governor says here. That doesn't make the violence or viciousness of this crime any more extreme. So we dispute that that regulation and the way the California Supreme Court has defined it, and the way the statutes and regulations define it, even comes close to being met in this case. The governor can say it's particularly aggravated, but it doesn't meet the definition of that under the regulation or under Rosencrantz and Dannenberg. More than that, it is one factor. There is no other factor of unsuitability under the regulations that applies to this case. And if you look at the factors of suitability, virtually every single one of them applies to this case. So, and that's what this Court does. I, in reviewing sufficiency of the evidence, obviously what the Court is comfortable with and has a lot of experience with is Jackson-type of sufficiency. Does it meet the elements of the offense? But that's not the only type of sufficiency that courts look at. Sometimes the court has to look at the evidence to look at sufficiency that is closer to a judgment call type of thing. One of the cases that illustrates that point directly is a case that the Supreme Court, it's a Supreme Court case called Schwory v. Bar Examiners of New Mexico. And it's a case that the Supreme Court relied on in Hill in deciding, in talking about how evidence has to support the decision. Schwory was denied admission to the New Mexico Bar because of three things. He had been a member of the Communist Party. He had used a bunch of aliases in the past, and he had a criminal record. What the Supreme Court, but that was all 15 years before he applied for admission to the New Mexico Bar. And the New Mexico Bar used that. When he applied, he had lots of evidence to show that he was a man of integrity. And the Supreme Court reviewed that case to decide whether, because he had a liberty interest, and due process supported that by saying there has to be evidence that supports the finding of the New Mexico Bar that he's morally unfit to be an attorney, and said, no, there's not. That yes, there is the stuff from 15 years ago, but it's 15 years ago. And if you look at the 15 years in between, it shows that Schwory is now a man of good character. That's the type of sufficiency review that this court needs to look at in terms of the media. That case didn't involve only finding some evidence, did it? Well, the court in Schwory didn't identify the standard of evidence that would be necessary in Schwory. And in Hill, in looking at prison disciplinary hearings, they did define the standard of evidence that would be necessary. And I have argued that the sum evidence standard of Hill is not even the applicable one to parole. Hill was an exception to the rule that normally is substantial evidence. Administrative decisions are reviewed by courts for substantial evidence. Hill was an exception to the rule, and it's the only reason Hill even went up to the United States Supreme Court, is because it was an issue of whether substantial evidence applies or something less applies. And for reasons unique to prison disciplinary decisions, that is, the Supreme Court said you have to act quickly, that they held that a lesser standard was applicable. There's no reason in a parole situation none of those factors apply, and there's no reason in a parole situation it should be something less than substantial evidence. But whatever it is, there, it's clear that there has to be something that supports it. And what Schwory shows is that when you're making a call about a current state of affairs, that what happened long ago may have some relevance, but it's going to be, it's going to lose a lot of its predictive value as time goes by. And what's happened in the meantime must be considered. And that's what these cases, the parole cases, are about. The difference between Mr. Hayward's change in his, what the evidence shows about his rehabilitation, if he had come to the governor and had been found suitable after only two or three years in prison, I wouldn't argue that it was unreasonable. We're talking about Brown, aren't we? Pardon me? Brown? Brown. Right. If, you know, even if it had been ten years in his first hearing, that I can see, based on a serious offense like murder, that maybe you need a longer period of time to know that the change is real. But when you get to cases like Mr. Brown's, where we're talking about more than a quarter of a century of proven change, the difference between, and the governor, the governor probably will eventually let Mr. Brown out. He's been found suitable again. It depends on whose governor. Pardon me? It depends on whose governor. It depends on whose governor, and it depends on how close they are to an election and all sorts of other things. But the reality is, Mr. Brown has been suitable again, and the governor took it away again, and so, so far we have two governor reversals. But the difference between 25 years of proven rehabilitation and 30 years of proven rehabilitation is just arbitrary. And that, in the end, is what this court has to look at, is how arbitrary is this case, based on some arbitrary factor. Can I ask you one question? Sure. The California Supreme Court has a granted a hearing in a parole case. Is that likely to have an effect on this case? I don't think so. The California Supreme Court has granted review in a series of cases. The lead case is a case called Lawrence. The California Supreme Court, when it grants review, doesn't necessarily issue an order saying here's the issue for review. And so it's not entirely clear what those issues may be that are raised in those cases. Conceivably, I suppose it could interpret something about California law that could have an effect on the way the federal courts review it. But we already know, under Rosencrantz and Dannenberg, that they have said that the evidence that either the governor or the board relies on has to be related to threat to public safety. So we already know that. And there are many California court of appeal cases that have followed that. But Rosencrantz and Dannenberg say that quite clearly. And they also say that it has to be supported by evidence, and the court reviews it for evidence and stuff. I'd like to say, in just the quick seconds I have left, I'd like to say something about what the governor relied on. The attorney general has argued that the only – that if you – all you can do is review to see if there's evidence that supports the governor's decision. For all the reasons I've been talking about, that's wrong. But even if it were true, it's important to remember that Hill, Rosencrantz, Dannenberg, all the cases say – Hayward – say that it has to be reliable evidence. The only thing the governor relied on to find that this crime was aggravated is that it was in the course of a robbery. And if this record is considered in its whole, it's clear why the board found that it wasn't in the course of a robbery, because the only evidence of that was suspect at the time, the guy having failed three polygraph tests and has been retracted under penalty of perjury. So that evidence, even if it were enough and it wouldn't be if it were true, isn't even reliable. Thank you. Could I ask you a question, just – the California Supreme Court has said some evidence is necessary to deny parole. Is that correct? Yes. So that's the – that is due process under California law. So when we come to it, it's not only – we're using not only what the Supreme Court has said, but we're saying we have to enforce the proper legal rules of California. It seems to me it adds another consideration that we are not only told to look for some court of the United States, but we're told by the Supreme Court of California. That's correct, is it not? Yes, it is. Thanks. So essentially what we have here is a disagreement as to whether or not – How do you think the evidence is by the standards of the Supreme Court of California? What the standard of review is? No, what the evidence is. That – that – to support the Governor's decision? Yes. What evidence? You understand what evidence is, don't you? Yes, I do. What does it mean? The – the evidence – the evidence that the Governor relied upon and the evidence of Mr. Brown's parole and suitability is the aggravated nature of the murder and the fact that there was – there was an indication that the murder was premeditated, that he had spoken to his friends in days previous about how he was going to get his money back and obtained a gun with the intent of getting his money back. He then – he then went and picked the victim up, had the victim drive him somewhere into a carport where he threatened the victim at gunpoint, told the victim he wanted his money back, and then shot the victim once, then fired the remaining rounds of the gun into the victim's head. So that is the – that is the evidence of aggravating factors that the Governor relied upon. That's the evidence of the crime. Yes. You know that very well. But what's the evidence supporting the Governor? The – that is the evidence supporting the Governor's decision, that the crime – yes, that the – that the egregious nature of the crime – So then why didn't he have a parole proceeding? We know in advance he committed that crime. Why does the judge and jury say he's eligible for parole? The – the egregious nature of a – an inmate, he may be – The evidence already establishes that he's committed an egregious crime where it will be a danger to public safety. Why is he ever eligible for parole? I can't answer that question. That's – that's what the California statutes hold. But the California statutes also make it clear that the nature of the crime is the number one consideration in determining whether or not an inmate is – is suitable for parole. And I see my time is up. So thank you very much. Unless there are any other questions. All right. The case just argued will be submitted. The next case for argument is Pirtle v. California Board of Prison Terms.
judges: Reinhardt, Noonan, Fisher